**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TEZLYN FIGARO,**

**Plaintiff,**

**v.** **Case No.:**

**OUR REVOLUTION,**

**Defendant.**
______________________________/

## COMPLAINT

Plaintiff TEZLYN FIGARO ("Plaintiff"), sues the Defendant OUR REVOLUTION (herein after "Our Revolution" or "Defendant"), and in support thereof states as follows:

## INTRODUCTION

This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981") to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

1. Defendant Our Revolution, is a 501(c)(4) social welfare organization, "built upon the success of Bernie Sanders' historic presidential campaign," licensed and authorized to

conduct business in Washington, D.C. At all material times hereto, Defendant maintained an office in the District of Columbia.

2. Plaintiff is an adult individual who resides in Houston, Texas.

3. Defendant was an employer as defined by the laws under which this action is brought and employs greater than fifteen (15) employees.

**JURISDICTION AND VENUE**

4. Jurisdiction of this matter arises under 28 U.S.C. §1331 with federal questions involving Title VII and Section 1981.

5. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant whose headquarters and principal place of business is in Washington, D.C.

6. The illegal conduct complained of occurred within the judicial district in and for the District of Columbia.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2018. On March 28, 2019, the EEOC issued its right-to-sue letter. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

**FACTUAL ALLEGATIONS**

8. Plaintiff is an African-American female.

9. Plaintiff worked for Defendant from around May 2017 until June 1, 2018.

10. Plaintiff was initially hired as a consultant but on January 2, 2018, was officially promoted to Director of Strategic Outreach.

11. During Plaintiff's employment, Our Revolution's President was Nina Turner, a former Ohio State Senator. Plaintiff's responsibilities at Our Revolution primarily included helping to coordinate and strengthen Ms. Turner's communications and organizational outreach with members of affiliated Our Revolution local groups.

12. Plaintiff was a natural fit for this position due to her experience as a former national staffer for Senator Bernie Sanders' 2016 campaign for President of the United States. Specifically, Plaintiff was the campaign's African-American Outreach Department's National Racial Justice Director.

13. It is well-documented that through Senator Sander's presidential campaign he had an issue connecting with African-American voters. Part of this issue was the fact that Senator Sanders was ignoring African-American issues and failing to engage African-American voters. Second and more importantly, another related issue was that Senator Sanders' 2016 campaign leadership, which was all white, was accused of racism by a number of Senator Sanders' African-American campaign staff.

14. After Senator Sanders lost the primary in South Carolina, which was mostly due to the lack of African-American voter support, the campaign abandoned its African-American outreach efforts, particularly in the South. Plaintiff's department, the African-American Outreach Department, became obsolete due to budget cuts, lack of African-American media relations, and limited access to campaign management.

15. The perception that Senator Sanders had a race problem persisted throughout the remainder of the 2016 presidential campaign. In fact, a number of African-American supporters left the campaign because of what they believed to be a lack of commitment to

African-American issues. Despite this concern, Plaintiff stayed with the campaign until the end.

16. The organization, Our Revolution, was inspired by and formed as an extension of the Bernie Sanders' campaign for President. In fact, many of the organization's leaders are connected with Bernie Sanders and/or his 2016 or 2020 presidential campaigns. Specifically, Our Revolution's President, Nina Turner, is the national co-chair of Senator Sanders' 2020 presidential campaign; Board Member Huck Gutman is Senator Sanders' former Chief of Staff; Board Member Deborah Parker served in the 2016 Democratic National Convention as one of the platform committee members representing Bernie Sanders; Board Member Larry Cohen worked on Senator Sanders' 2016 campaign as a liaison to organized labor; Board Member Catalina Velasquez worked on Senator Sanders' LGBT policy team, and former Board Member Lucy Flores was a surrogate for the 2016 Sanders presidential campaign.

17. After joining Our Revolution, Plaintiff learned the same race problems that clouded the Bernie Sanders presidential campaign were also pervasive at Our Revolution, both as it relates to the workplace culture of racism that came over from the Senator Sanders 2016 campaign leadership team and in Our Revolutions' strategic policies and outreach with African-Americans.

18. Nonetheless, Plaintiff did not want Our Revolution to suffer the same criticism that Bernie Sanders' 2016 campaign received for its lack of outreach to African-American communities. As such, Plaintiff worked hard to ensure African-Americans had

equal access to Our Revolution and to ensure that Ms. Turner was booked to to speak at various African-Americans events.

19. Unfortunately, it became clear that some of Defendant's board members, mostly Senator Sanders' 2016 presidential campaign leadership, did not share Plaintiff's goal of providing African-Americans equal access to Our Revolution.

20. Before long, Defendant's hostile and racial discriminatory treatment toward African-American communities was directed towards Plaintiff.

21. Plaintiff raised complaints about Our Revolution's treatment of her in the workplace and African-Americans' equal access to Our Revolution.

22. Plaintiff received tremendous pushback from the Board of Directors regarding her efforts to address issues important to the African-American community. She was personally attacked for raising concerns about issues affecting African-Americans and Our Revolution's exclusion of African-American issues from its agenda.

23. For example, on or about April 15, 2018, Plaintiff gave a presentation to the Board of Directors in which she explained her outreach efforts over past the several months and detailed her future plans for Our Revolution outreach, which included African-American outreach. One of the Board Members, Catalina Velasquez (a Latino) interrogated Plaintiff during this presentation regarding why Ms. Turner was booked to speak at so many African-American events and not more Latino events. This assertion was entirely false as Plaintiff booked Ms. Turner for roughly 35 events – only ten of which could be considered an African-American event and the remaining 25 events being mostly white or Latino events. Plaintiff believed she was targeted not only because of her

race but also because of her steadfastness to include African-American issues on Our Revolution's agenda.

24. Then, around May 2018, the Chief of Staff position became available and Ms. Turner recommended Plaintiff for the position. Despite Plaintiff's unquestioned qualifications for the position, certain board members did not want her in the position and pressured Ms. Turner to rescind the offer.

25. The Board's denial of the promotion was due to Plaintiff's race and in retaliation for Plaintiff's complaints regarding Our Revolution's treatment towards her and African-Americans.

26. A short time later, on or about May 17, 2018, Defendant's Board Member Catalina Velasquez escalated her discriminatory and retaliatory behavior towards Plaintiff. Specifically, Ms. Velasquez began privately and publicly calling for Plaintiff's termination.

27. Defendant pointed to some comments Plaintiff made before joining Our Revolution. Specifically, Defendant characterized the comments as "anti-immigrant" which Plaintiff vehemently denies.

28. Notably, these comments were made months before Plaintiff was hired at Our Revolution and Defendant was aware of these comments prior to her joining the organization.

29. Defendant conveniently raised these comments as an excuse to cover the true reason for their intention to terminate her – based on discrimination due to her race and in

retaliation for complaining about the organization's treatment towards her and African-Americans.

30. On or about May 21, 2018, Plaintiff was informed she was being terminated.

31. To add insult to injury, *after Plaintiff was already terminated*, Defendant's Board Members, Catalina Velsaquez and former Board Member Lucy Flores, continued to speak with news outlets publicly calling for Plaintiff's termination and framing Plaintiff as a bigot towards Latinos.

32. Given the discriminatory and retaliatory nature of Plaintiff's termination Plaintiff suffered, amongst other things, mental anguish, distress, and humiliation.

**COUNT I**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII**

33. Plaintiff re-alleges and adopts paragraph 1 – 32 as though set forth fully herein.

34. Plaintiff is member of protected class due to her race.

35. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against plaintiff on the basis of her race in violation of Title VII.

36. Defendant knew or should have known of the discrimination.

37. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT II**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981**

38. Plaintiff re-alleges and adopts paragraph 1 – 32 as though set forth fully herein.

39. Plaintiff is member of protected class under Section 1981due to her race.

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of Section 1981.

41. Defendant knew or should have known of the discrimination.

42. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees;

h. Punitive damages; and,

i. Such other relief as the Court may deem just and proper.

**COUNT III**
**RETALIATION IN VIOLATION OF TITLE VII**

43. Plaintiff re-alleges and adopts paragraph 1 – 32 as though set forth fully herein.

44. Plaintiff is a member of a protected class under Title VII because she engaged in protective activities.

45. Plaintiff engaged in protected activity when she complained about Defendant's treatment towards her and African-Americans.

46. Defendant's treatment of Plaintiff became worse after her complaints.

47. This retaliation resulted in Plaintiff being denied a promotion to Defendant's Chief of Staff and then being terminated from the organization.

48. By the conduct described above, Defendant treated Plaintiff differently than her Caucasian and Latino co-workers and engaged in unlawful employment practices and

retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

49. Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected.

50. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;
b. Interest on back pay and benefits;
c. Front pay and benefits;
d. Compensatory damages for emotional pain and suffering;
e. Injunctive relief;
f. Prejudgment interest;
g. Costs and attorney's fees; and
h. Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF SECTION 1981**

51. Plaintiff re-alleges and adopts paragraph 1 -32 as though set forth fully herein.

52. Plaintiff is a member of a protected class under Section 1981 because she engaged in protective activities.

53. Plaintiff engaged in protected activity when she complained about Defendant's treatment towards her and African-Americans.

54. Defendant's treatment of Plaintiff became worse after her complaints.

55. This retaliation resulted in Plaintiff being denied a promotion to Defendant's Chief of Staff and then being terminated from the organization.

56. By the conduct described above, Defendant treated Plaintiff differently than her Caucasian and Latino co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of Section 1981.

57. Defendant knew, or should have known, of the retaliation and discrimination that Plaintiff was subjected.

58. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees;

h. Punitive Damages; and,

i. Such other relief as the Court may deem just and proper

**Plaintiff specifically reserves the right to amend her Complaint to seek punitive damages against Defendant**

Dated this 15th day of May, 2019. Respectfully submitted,

**s/ ANTHONY J. HALL**
Anthony J. Hall, Esq.
DC Bar No.: FL0040
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, FL 32801
MAILING: P.O. Box: 530244
Atlanta, GA 30353-0244
Direct Tel.: (407) 418 2079
Facsimile: (407) 245-3390
Email: ahall@forthepeople.com
Attorneys for Plaintiff